No. 690

YOUNG v. HUNKIN CONKEY CONSTRUCTION CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7144. Decided June 13, 1927.

(Mauck, PJ., and Middleton, J., of the 4th Dist., sitting by designation.)

**829. NEGLIGENCE — 1.** Evidence t h a t wall of building fell and that plaintiff, who was standing near it, fell with it, not sufficient to show actionable negligence on part of Construction Co.
2.. Where employe of sub-contractor is instructed by foreman of general contractor to move sub-contractor's sign "to any other point on front of building" no duty on part of foreman to supervise, direct or instruct further.
Error to Common Pleas.
Judgment affirmed.

First Publication of this Opinion.

MIDDLETON, J.

This is an action for damages for personal injuries, which plaintiff in error, who was the plaintiff in the trial court, claimed he sustained by reason of negligence of the defendant in

error. The case in the court below was submitted to a jury which returned a verdict for the construction company.

The facts, as claimed by the plaintiff in his petition, are substantially as follows: The construction company, was engaged in the erection of a two story building on Lorain Avenue, Cleveland. The plaintiff was in the employ of a sub-contractor who was doing the plumbing work on said building. The plumbing contractor had one of its advertising signs hung from the roof of the building. On the day mentioned, the defendant company's foreman ordered the sign to be removed because it interfered with the construction work and gave instructions that it could be hung at any point on the front of the building. Plaintiff with two fellow workmen, took the sign to the second floor, where they attempted to hang it in front of a concrete pillar by attaching it thereto with a wire which they intended wrapping around the pillar. On this floor and at the place named the defendant company had built a wall to the height of about twenty-five inches, when it suspended the further construction of the wall for the purpose of putting windows in position. This wall was connected with the pillar referred to. While plaintiff was attempting to place the wire around the pillar and was reaching out over the top of the wall to catch the wire with one hand while the other rested on the pillar, he claims that the wall suddenly gave way and fell out of the building, carrying him with it, causing him to fall a distance of twenty-five feet.

A full consideration of all the evidence has convinced us that the errors complained of are not prejudicial to any substantial rights of the plaintiff for the reason that all of the evidence adduced in the trial wholly fails to establish a right of action in plaintiff's favor and that there is a complete lack of proof that the collapse of the wall in question was in any way connected with the fall of the plaintiff or was a contributing cause of his fall. If we accept his statements and those of his co-workers, we must believe that he was standing from six to seven inches behind the wall when it fell, that he was not against it or touching it in any way whatever, and that his position in relation to the wall when it fell could have no possible connection either with the collapse of the wall or his fall.

Under all the evidence in this case, only three deductions are possible. First, that the wall fell without any apparent cause while the plaintiff was standing behind it and was wholly removed from any connection with it or from any danger from its fall. This is in harmony with the evidence adduced by plaintiff. Second, the plaintiff used the wall as a brace when he was leaning out to get hold of the wire and pushed the wall over, going down with it. Third, that the plaintiff became overbalanced while leaning over to grasp the wire, and falling, struck the wall and carried it with him. We think it is manifest under any of the foregoing conditions, considered in connection with the evidence, that there was no proof of actionable negligence on the part of the defendant company, and therefore no right of recovery in the plaintiff on the facts shown.

Assuming that his statements that the foreman of the defendant company instructed him to take his own employer's sign down and place it at any other point on the front of the building are true, it is manifest that the matter of the selection of its location was left entirely to the plaintiff and his fellow workers and that there was no duty on the part of said foreman to supervise, direct or instruct them any further in the matter, and certainly no duty on his part to warn them against any danger from the wall in question, in the absence of any evidence tending to show that he knew that they were going to a particular place and were inexperienced and not able to take care of themselves.

Entertaining these views of the evidence in this case, we are unable to attach any prejudice to any of the complaints of error made in this proceeding, and we are constrained to reach this conclusion by the rule announced by the Supreme Court in the very recent case of The Cleveland Railway Co. v. McGinty.

Judgment affirmed.

(Mauck, J., concurs.)

Attorneys—Vickery & Vickery for Young; John H. McNeal for Comapny; all of Cleveland.